AO 472  (Rev. 11/16)  Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
for the

District of Massachusetts

| United States of America | ) |
|---|---|
| v. | ) |
|  | ) Case No.  21-10104-PBS |
| Vladislav  Klyushin | ) |
| *Defendant* | ) |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☐ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or

☒ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted.  This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A.  Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐ **(e)** any felony that is not otherwise a crime of violence but involves:
**(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**

☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

AO 472  (Rev. 11/16)  Order of Detention Pending Trial

☐ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☐ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

**OR**

☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

## Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☐ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☒ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☐ Weight of evidence against the defendant is strong
☒ Subject to lengthy period of incarceration if convicted
☐ Prior criminal history
☐ Participation in criminal activity while on probation, parole, or supervision
☐ History of violence or use of weapons
☐ History of alcohol or substance abuse
☐ Lack of stable employment
☐ Lack of stable residence
☐ Lack of financially responsible sureties
☒ Lack of significant community or family ties to this district

AO 472  (Rev. 11/16)  Order of Detention Pending Trial

☒ Significant family or other ties outside the United States
☒ Lack of legal status in the United States
☒ Subject to removal or deportation after serving any period of incarceration
☐ Prior failure to appear in court as ordered
☐ Prior attempt(s) to evade law enforcement
☐ Use of alias(es) or false documents
☒ Background information unknown or unverified
☐ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

   Vladislav Klyushin (hereinafter the "defendant") is a citizen of the Federation of Russia who was extradited to the United States after being arrested in Switzerland on or about March 21, 2021, pursuant to a criminal complaint issued in this district on March 20, 2021.  His arrest by Swiss authorities occurred immediately upon his landing in Switzerland in a private jet at a small airport in Sion, where a private helicopter was waiting to take him to a ski resort.

   He unsuccessfully challenged the extradition proceedings in Switzerland and was transferred to the United States on December 18, 2021 after an appeal to the Swiss Federal Criminal Court which was deemed to be "without merit."  While the extradition matter was pending in Switzerland the defendant sought bail indicating a willingness to post 1,500,000 CH Swiss francs (approximately US $1,642,288).  The court found the defendant presented a "considerable risk of flight" and the request for bail was denied.  The court noted that the defendant did not "disclose his assets in a transparent and verifiable manner."

   The defendant is charged in this district in a multi-count indictment with conspiracy to obtain unauthorized access to computer networks and to commit wire fraud and securities fraud between approximately January of 2018 and September of 2020.  The government alleges that once in possession of illegally obtained non-public financial information about publicly traded companies, the defendant and two other Russian nationals, codefendants who have not been arrested to date, acquired tens of millions of dollars in profits by trading securities based on the ill-gotten information.

   According to the Pretrial Services report, the 41-year-old defendant was born in Russia and obtained a degree in law from the Moscow Academy of Economics and Law in 2002.  Upon graduation he worked as an adjunct professor in the Department of Criminal Law Disciplines at the Moscow State Linguistic University while working toward a further degree.  In 2006 he received a degree denoted as "Candidate of Legal Sciences."  In 2021 he earned a master's degree denoted as "Candidate of Legal Sciences."  In 2021 he earned a master's degree from the Russian Presential Academy of National Economy and Public Administration.

   In 2014 the defendant founded a M-13, a company which employs more than 150 people, including the defendant's current wife, and specializes in information technology.  The defendant worked in the legal department of three other companies before founding M-13.  The Pretrial Services report lists the defendant's unverified net worth as approximately $7 million including real estate in Russia and London and a yacht valued in excess of $4 million.  The report notes that this figure does not include securities/brokerage accounts seized by the government in relation to this case.

   The defendant's first marriage first ended in divorce.  In 2014 the defendant married Zhannetta Klyushin.  He has two children from his first marriage and three from his first marriage and three from his second marriage.  All the children reside in Russia.

In support of his release proposal the defendant submitted several documents. The defendant offered nine letters of support from individuals including the current defendant's wife and eight friends and/or employees and colleagues in Russia. This court notes that none of the letters bear any identifying information other than the name of the signatory. There are no return addresses, telephone numbers or email addresses to enable verification. It is unclear whether the letters were written in English or Russian, and if in Russian by whom were they translated. The letters were marked as an exhibit for the purposes of detention.

In addition, the defendant submitted a document dated December 30, 2021 from the Embassy of the Russian Federation in Washington, DC. The document states that the Embassy "will not assist in concealing Vladislav KLYUSHIN (DOB: 09/08/1980) or removing out of the jurisdiction" nor will it "issue any travel documents or passport" while the case is pending.

The defendant seeks release pending trial and proposes a series of conditions including the following: posting a $2.5 million bond, secured by $1 million in cash to be funded by a loan secured by the defendant's property in Russia) and $1.5 million secured by an apartment owned by the defendant in London (UK); home detention with electronic monitoring; agreement not acquire a new passport; daily contact with Pretrial Services; residence in a rental apartment[i] without access to the internet and certain telephonic communications. Additionally, the defendant has indicated a willingness to hire private guards to assure his appearance and to agree to any other conditions proposed by the court.

The defendant has absolutely no ties to the United States nor does he have any incentive to remain. If convicted, he faces a lengthy period of incarceration in addition to significant financial consequences. The defendant, who has a history of extensive international travel, has never lived in the United States nor does he have any significant ties or family in this country. In addition, he appears to have substantial financial means and the degree of sophistication needed to facilitate clandestine flight. The lack of official travel documents has not been a deterrent to flight by other foreign nationals who have appeared before this court.

While the Bail Reform Act of 1984 requires that a court order pretrial release of a defendant on bail "subject to the least restrictive further condition, or combination of conditions, the [the court] determines will reasonably assure the appearance of the person as required and the safety of any person and the community ..." 18 U.S.C. § 3142(c)(1)(B), it does not require release in every case. Instead, the court must analyze every case based on very particularized facts. In this case the issue is whether the defendant can be relied upon to appear as required.

It must be noted that the defendant is a citizen of a country from which he cannot be extradited. He has proposed posting his property in the United Kingdom ("UK") as a surety. In the event of the defendant's default the potential seizure of the UK property would involve complex and lengthy legal proceedings. While the defendant has proposed a myriad of conditions, this court is not convinced that a defendant, who is an individual well versed in sophisticated financial matters, has access substantial financial resources and absolutely no ties to this country, will appear as required. He has absolutely no incentive to remain in this country.

After a careful and thorough review of the defendant's personal characteristics and background, all the evidence presented at the detention hearing, the submissions of the parties, the recommendation in the Pretrial Services report, and the relevant case law, this court finds by a fair preponderance of the evidence the there are no conditions or combination of conditions that will assure the appearance of the defendant.

---

[1]  Originally, the defendant proposed living in a specific waterfront apartment in Boston's Seaport District.  After the government pointed to the apartment's easy access to Boston harbor, at the apartment's doorstep, which could  facilitate flight by sea, the defendant proposed living in a furnished apartment in Brookline. Defense counsel submitted real estate portfolios for both apartments.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: January 24, 2022

*Marianne B. Bowler, USMJ*
Marianne B. Bowler
United States Magistrate Judge