UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>VLADISLAV KLYUSHIN,<br>  a/k/a "Vladislav Kliushin"<br>IVAN ERMAKOV,<br>  a/k/a "Ivan Yermakov," and<br>NIKOLAI RUMIANTCEV,<br>  a/k/a "Nikolay Rumyantsev,"<br><br>      Defendants | 21-cr-10104 (PBS) |

GOVERNMENT'S MEMORANDUM IN PARTIAL OPPOSITION TO
DEFENDANT'S REQUESTED JURY INSTRUCTIONS

The government respectfully files this memorandum in response to the defendant's proposed jury instructions. (Docket No. 135).[1]

1.     Good-Faith Defense Instruction

In its proposed instructions, the government included a "good faith" instruction within the general instruction regarding intent to defraud. (Docket No. 141 at 13). Defendant, however, requests both a stand-alone "good faith" instruction as to the conspiracy, Docket No. 141 at 9, and then again with respect to each of the counts of the indictment. *See* Docket No. 141 at 16, 21, and 31 (making 21 separate references to good faith). Such instructions are not warranted.

---

[1] This memorandum is not meant to address the entirety of the defendant's proposed instructions. Rather, this memorandum addresses only the major differences between the defendants' proposed instructions and the government's instructions.

It is well-settled in the First Circuit that "[a] separate instruction on good faith is not required . . . where the court adequately instructs on intent to defraud." *United States v. Camuti*, 78 F.3d 738, 744 (1st Cir. 1996); see also *United States v. Dockray*, 943 F.2d 152, 155 (1st Cir. 1991) ("[W]here the court properly instructs the jury on the element of intent to defraud— essentially the opposite of good faith—a separate instruction on good faith is not required."); *United States v. Berroa*, 856 F.3d 141, 161 (1st Cir. 2017) ('The court told the jury that 'to establish specific intent, the Government must prove that the defendant knowingly did an act which the law forbids, purposely intending to violate the law.' Accordingly, no separate good faith instruction was required."); *United States v. Bowling*, 2009 WL 6854970 fn. * (10th Cir. Dec. 23, 2009) (noting that "every one of our sister circuits has come to reject the idea that district courts must give a separate 'good faith' jury instruction in fraud cases"). The government's proposed instructions require that the jury find a specific intent to defraud, and that same instruction includes "good faith" language. Accordingly, no separate "good faith" instruction is required.

Additional instruction on good faith appears even less apt in the context of the wire fraud and computer fraud counts, and so much of the conspiracy that names those crimes as its object. Klyushin does not appear to defend by saying he believed he could trade on stolen MNPI (*i.e.*, that "he sincerely misunderstood the requirements of the law"); rather, he suggests he did not steal it; did not materially misrepresent his identity using an FA2 Employee's login credentials; and did not even know that the MNPI had been stolen. Under these circumstances, the government's proposed instruction following *Dockray* more than adequately explains the interplay between intent to defraud and good faith.

2.  Conspiracy Instruction

Klyushin begins his requested conspiracy instruction by misquoting the Indictment and broadening the government's obligations. Dkt. 141 at 2. He contends that Count 1 charges him with "conspiring with Ivan Ermakov, Nikolai Rumiantcev, Mikhail Irzak, Igor Sladkov, and others to commit a federal crime." Docket No. 141 at 2. That is incorrect. In fact, Count 1 names only Rumiantcev, Ermakov, and others. Although the government will offer evidence of all five men's involvement in the conspiracy, it need not prove that Klyushin agreed specifically with any particular individual, or even the identity of every member of the conspiracy. It need only prove that an agreement between two or more persons existed, and that the defendant joined that agreement.

Klyushin also inserts a specific intent requirement into the first element of conspiracy, where there is none. *Id*. This is inconsistent with the First Circuit pattern instruction. The government requests that the Court give the pattern instruction, which specifies as the second element that the defendant have knowingly and willfully joined in the agreement.

Klyushin also suggests, incorrectly, that the government must prove that he agreed to all three objects of the conspiracy charged in Count 1. *See* Docket No. 141 at 2 ("you must be convinced [beyond a reasonable doubt] that … Klyushin intended that a member of the conspiracy would commit conduct that actually constituted the underlying crimes alleged – here unauthorized computer intrusion, wire fraud, *and* securities fraud") (emphasis supplied). He similarly suggests that Klyushin cannot be convicted if he "agrees with others simply to commit a single crime, and has no knowledge or foresight of his accomplices' intentions and agreement to commit multiple crimes." (Docket No. 141 at 10). The law is otherwise.

In *United States v. Mitchell*, 85 F.3d 800, 809-810 (1st Cir. 1996), the First Circuit *rejected* a similar challenge to an instruction like the one the government has proposed here, noting that "the government doesn't have to prove that any demonstrated conspiracy had both laws or a violation of both laws as its object. *It's sufficient that the government prove either the conspiracy to commit arson or the conspiracy to commit wire fraud*." (Emphasis added). In that case, the First Circuit relied on *United States v. Griffin*, 502 U.S. 46 (1991), in which the Supreme Court cited centuries-old common law in holding a guilty verdict on a multi-object conspiracy proper if evidence demonstrated that the defendant participated in *either* of its objects. *See also United States v. Capozzi*, 486 F.3d 711, 717 (1st Cir. 2007) ("[t]he district court properly instructed the jury that guilt must be based upon proof of an agreement to commit any one of the three objects of the conspiracy"). The Court should, of course, instruct the jury that it must unanimously agree on which, if any, conspiratorial object the government has proven beyond a reasonable doubt. *Mitchell*, 85 F.3d at 809.

Finally, Klyushin requests that the Court instruct the jury that "[m]ere similarity of conduct among various people . . . does not necessarily establish proof of the existence of a conspiracy." Dkt. 141 at 3. While that may be true as far as it goes, similarity of conduct is relevant and may be considered by the jury in determining whether the charged conspiracy existed. *See* Pattern Crim. Jury Instr. 1st Cir., § 4.18.371 ("Mere similarity of conduct among various people, or the fact that they may have associated with each other or discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy, *but you may consider such factors*.") (emphasis added). The government requests that the Court instruct the jury accordingly.

3.        Multiple Conspiracy Instruction

The government also objects to defendants' proposed instruction on multiple conspiracies. (Docket No. 141 at 5). The evidence presented at trial will show that Klyushin, Ermakov, Rumiantcev, and others participated in a single conspiracy to trade and profit on confidential business information stolen from filing agents, as the indictment charges. In proving that single conspiracy, the "government need not show that each conspirator knew of or had contact with all other members. Nor need it show that the conspirators knew all of the details of the conspiracy or participated in every act in furtherance of the conspiracy." *United States v. Soto-Beniquez,* 356 F.3d 1, 19 (1st Cir. 2003). *Soto-Beniquez* is likewise inconsistent with the defendant's contention that the government must prove the "precise conspiracy" charged and none of the defendant's citations support the language he requests.

A multiple conspiracy instruction is therefore unwarranted. *See United States v. Brandon*, 17 F.3d 409, 449 (1st Cir. 1994) (a multiple conspiracy instruction should be provided only if "on the evidence *adduced at trial*, a reasonable jury could find more than one such illicit agreement, or could find an agreement different from the one charged") (emphasis added).

Moreover, even if, after the conclusion of the evidence, the Court finds that the evidence adduced at trial warrants a multiple conspiracy instruction, the defendants' proposed instruction should not serve as a model. In *United States v. Bedini*, 861 F.3d 10 (1st Cir. 2017), the First Circuit found the following multiple conspiracy instruction "substantively correct":

> That the conspiracy specified in the indictment, and not some other agreement or agreements, existed at or about the time or times specified in the indictment. It is not enough that the government simply prove that some type of conspiracy existed, even one involving some of the same alleged conspirators. The proof, rather, must persuade you that the conspiracy proved is in fact the one alleged in the indictment.

5

*Id.* at 17–18. In short, whether a multiple conspiracy instruction is warranted is not a matter to be decided at this stage, and even if the Court ultimately finds that it is, the defendants' proposed instruction is incorrect.

4. <u>Securities Fraud:  Aiding and Abetting</u>

The defendant requests a special aiding and abetting instruction for securities fraud, in reliance on two civil cases from the Second Circuit. Dkt. 141 at 35. Those cases do not support the application of a special aiding and abetting instruction in criminal cases. The government has charged aiding and abetting under 18 U.S.C. § 2, and requests that the Court give the pattern instruction applicable in all criminal cases under that statute. *See* First Circuit Pattern Instruction §4.18.02.[2]

Respectfully submitted,

RACHAEL S. ROLLINS
United States Attorney

*/s/ Stephen E. Frank*
STEPHEN E. FRANK
SETH B. KOSTO
Assistant United States Attorneys

January 23, 2023

---

[2] Klyushin also contends that "[i]t is not a willful deceptive device in contravention of the federal securities law for a person to use his or others' financial or expert analysis or his or others' educated guesses or predictions or his or others' past practice or experience to determine which securities to buy or sell." Dkt. 141 at 31. That may be true, but it is not part of the pattern instruction, is unsupported by any case law the defendant cites, and is simply attorney argument disguised as a jury instruction.