UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>VLADISLAV KLYUSHIN,<br>  a/k/a "Vladislav Kliushin"<br>IVAN ERMAKOV,<br>  a/k/a "Ivan Yermakov," and<br>NIKOLAI RUMIANTCEV,<br>  a/k/a "Nikolay Rumyantsev,"<br><br>      Defendants | 21-cr-10104 (PBS) |

## MOTION IN LIMINE TO PRECLUDE IMPROPER IMPEACHMENT

Pursuant to Fed. R. Evid. 609 and 806, the United States respectfully requests that the Court preclude the defendant from impeaching government witnesses with evidence that Micfo was convicted of conduct entirely unrelated to Micfo invoices reflecting the use of Boston-based IP addresses. Fed. R. Evid. 609 only permits impeachment by evidence of a corporate conviction if the witness to be impeached was involved in the conduct underlying the conviction. Because Micfo's conviction had nothing to do with its invoices for services provided, the conviction is not admissible to impeach a records custodian or a document authenticated by a records custodian. Fed. R. Evid. 806 is inapplicable—because it only permits the use of *admissible* evidence to impeach a hearsay declarant, even assuming the invoice is hearsay (which it is not). Finally, the probative value of Micfo's conviction is, in any event, substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, and creating a mini-trial. *See* Fed. R. Evid. 403.

BACKGROUND

The government has introduced trial evidence (*e.g.*, Exhs. 71F and 71G) that IP addresses beginning with 104.238.37 ("the 104 IPs") were used in October and November 2018 to access DFIN's "Active Disclosure" network, and to download confidential information from it. Through FBI Special Agent David Hitchcock, the government intends to introduce several authenticated business records that he gathered, each of which shows that the 104 IPs were assigned in Boston in October and November 2018. These records include:

- Exhibit 176—a record from the American Registry for Internet Numbers ("ARIN")[1] indicating that, in May 2018, ARIN assigned the 104 IPs to a company named Web2Objects, LLC, and that, on June 18, 2018, Web2Objects re-assigned them to Strong Technology, LLC ("Strong"), at 1 Summer Street, Boston, Massachusetts;

- Exhibit 145—a May 2018 record from Web2Objects, LLC authorizing Micfo, LLC ("Micfo") to announce and advertise the 104 IPs in Boston;

- Exhibit 142—records from Markley, LLC—the operator of a data center in Boston—indicating that Micfo leased space on Summer Street to house internet-connected computers and was paying for that space in October and November 2018;

- Exhibit 140—invoice dated November 24, 2018 and after from Micfo, which billed Strong (through a related company at Strong's address) for the 104 IPs; and

---

[1] ARIN is a nonprofit, member-based organization that administers IP addresses & ASNs in support of the operation and growth of the Internet.

- Exhibit 142D—a September 13, 2018 photograph taken in Markley's Boston data center of the Micfo server referenced in the invoice as the server on which the 104 IP resided.

Defendant proposes in response to impeach Special Agent Hitchcock with evidence that Micfo was convicted of wire fraud in 2021. As reflected in the indictment charging Micfo— defendant's proposed Exhibit 371—the company's conviction arose from its use of shell companies to gain control of more IP addresses than it was entitled to. The wire fraud conviction did *not* involve Micfo's failure to install IP addresses on its clients' behalf, or the company's submission of invoices for work that it did not perform. To the contrary, Micfo obtained and sold *more* IP addresses than it should have.

The Court has correctly recognized that it would be inappropriate to impeach any witness with a copy of the indictment; the plea agreement; or the press release announcing Micfo's conviction—all proposed exhibits that the defendant has marked. For the reasons stated below, however, the Court should also preclude any mention of the conviction.

*First*, Fed. R. Evid. 609(a)(2) governs the impeachment of a witness with evidence of a criminal conviction involving dishonest acts or false statements. But "[c]riminal acts are relevant to a witness' credibility only if that witness actually participated in the criminal conduct. It strains logic to argue that an employee's credibility is properly brought into question by the mere fact that he or she is presently employed by a corporation that in some unrelated manner was guilty of dishonest acts, no matter how egregious those acts may have been." *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506, 523-24 (3d Cir. 1997) (excluding evidence of corporation's conviction for tax evasion to impeach a witness who had no connection to the crime); *see also United States v. Orlansky*, 2006 WL 8434738 (S.D. Fla. Feb. 7, 2006) (precluding cross examination of

government's bank employee witnesses "as to misdeeds of that corporation unless the particular witness was involved in the underlying illegal conduct"). Here, there is no connection between Exhibit 140 (the Micfo invoices) and the crime of which Micfo was convicted. If a Micfo records custodian were to testify, it would be inappropriate to cross examine him or her on this unrelated conviction, especially where the defendant has offered no evidence that the invoice was "directly connected to [the convicted corporation's] act…." *See Price v. PCS Nitrogen Fertilizer*, 2010 WL 11538362 (M.D. La. Feb. 17, 2010). This is not a situation where a corporate witness has testified to something that a conviction tends to disprove. *See*, *e.g.*, *Stone v. C.R. Bard, Inc.*, 2003 WL 22902564 (S.D.N.Y. Dec. 8, 2003) (permitting impeachment by corporate conviction following a corporate principal's testimony as to the company's reputation in the industry for "quality, integrity, and service"); *Hickson Corp. v. Norfolk Southern Ry. Co.*, 227 F. Supp. 2d 903, 907 (E.D. Tenn. 2002) (allowing use of felony conviction for improper disposal of paint after corporate employee testified to the company's good environmental and safety record). By the defendant's logic, in every basic fraud trial in this district where a defendant withdrew money from various ATMs, and an FBI agent is called to introduce bank records to show those withdrawals, the defendant would be able to impeach the banks about unrelated criminal convictions, for example, for foreign exchange manipulation.[2]

*Second*, Fed. R. Evid. 806 does not affect this analysis. That rule only permits impeachment of a hearsay statement "by evidence that would be *admissible* for those purposes if the declarant had testified as a witness." (emphasis supplied). Even assuming Micfo's records

---

[2] "Five Major Banks Agree to Parent-Level Guilty Pleas," Department of Justice Press Release, *available at* https://www.justice.gov/opa/pr/five-major-banks-agree-parent-level-guilty-pleas.

4

custodian is the declarant, there is no evidence that person was involved in Micfo's crime. Nor was Special Agent Hitchcock (who collected the invoice) or Strong (which simply received and saved the invoice in the ordinary course of its business). *See* Fed. R. Evid. 803(6).

*Third*, impeachment of a records custodian through a conviction unrelated to this case will lead to a mini-trial on what Micfo did (and did not) do and how that conduct related (or did not relate) to the 104 IPs. Proper impeachment would not include any information about the facts of Micfo's conviction, which are themselves complex. But without such information, the jury could wrongly assume that Micfo was convicted of fraudulently creating invoices for work that it did not perform, when that is simply not the case. Fed. R. Evid. 403; *see also Walden*, 126 F.3d at 524 (noting that the district court is not precluded from determining whether "[a] prior corporate conviction falls within the ambit of Rule 609 at all" and then applying Fed. R. Evid. 403). Micfo's conviction has literally nothing to do with whether the 104 IPs were in Boston during the relevant timeframe, much less with the ultimate issue the jury will be asked to assess—the *defendant's* guilt.

CONCLUSION

For these reasons, the Court should preclude the defendant from examining government witnesses regarding Micfo's conviction, or from calling a Micfo witness for the purposes of impeaching the company.

Respectfully submitted,
RACHAEL S. ROLLINS

United States Attorney

By: /s/ Seth B. Kosto
STEPHEN E. FRANK
SETH B. KOSTO
Assistant U.S. Attorneys

Date:   January 31, 2023