UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 21-cr-10104-PBS |
| ) | |
| VLADISLAV KLYUSHIN ) | |
| Defendant ) | |

**OPPOSITION TO GOVERNMENT IN LIMINE MOTION**

The government's latest submission on Evidence Rule 803(6) (Dkt. 170) – breathlessly accusing the Court of legal error and effectively directing a defense verdict on venue – is wildly overblown and misses the mark entirely. As even the government admits, after all, "an employee of the preparing business" – here, Micfo – "normally lays" the business-records foundation the rule "requires" unless "circumstances otherwise demonstrate trustworthiness." Dkt. 170 at 3 (citation and internal quotation marks omitted). And as we explained today at sidebar, "the source of information or the method or circumstances of preparation" in this case – namely, Micfo and its sole owner's fraud conviction for creating and submitting to ARIN false records about IP addresses – certainly "indicate a lack of trustworthiness." *Id.* at 4 (citation and internal quotation marks omitted).

Nor is that the only sign of untrustworthiness. One source confirming the IP's location in Boston, the government says, is that ARIN "recorded the assignment of the 104 IP Addresses to Stackpath's subsidiary—Strong Technology, LLC—for use at 1 Summer Street, Boston, Massachusetts." But Strong never had servers in Boston according to its historic "server status" records. *See* Exhibits 1 and 2. It did not have a server in Boston on September 8, 2018, *see*

1

Exhibit 1, or March 8, 2019, *see* Exhibit 2. It follows that the proffered documents are inadmissible hearsay and should not come in under Rule 803(6).

Alternatively, if the Court does find the documents admissible and allows the government to offer their contents for their truth, Rule 806 entitles the defense to impeach the credibility of the assertions they make. In essence, the documents present a hearsay-within-hearsay issue. While they might come into evidence as business records of Stackpath, the underlying declarant is Micfo, and it's purporting to assert that a particular IP address was located in Boston at a given time. In these circumstances, Rule 806 expressly authorizes Klyushin to "attack[]" the "credibility of the declarant" (Micfo) by "any evidence which would be admissible for th[at] purpose[] if the declarant had testified as a witness."

As we noted today at sidebar, this is not a tail-wagging-dog scenario where the defense would use a records custodian – a functionary performing a ministerial duty – to bootstrap a conviction of a huge multinational corporation like IBM, Enron or Arthur Andersen. Micfo was a small LLC owned and controlled by a single individual, and both were convicted of fraud around creating false business records about IP addresses and submitting them to what the government calls the "entity that controls the distribution of IP addresses in North America." Dkt. 170 at 4. This fact – that Micfo was basically a one-man show, LLC and owner amounting to mere alter-egos – makes all the difference for 806 purposes.

2

Respectfully Submitted,
Vladislav Klyushin,
By His Attorney,

**/s/ Maksim Nemtsev**
Maksim Nemtsev, Esq.
Mass. Bar No. 690826
20 Park Plaza, Suite 1000
Boston, MA 02116
(617) 227-3700
menemtsev@gmail.com

**/s/ Marc Fernich**
Marc Fernich
Law Office of Marc Fernich
800 Third Avenue
Ste Floor 20
New York, NY 10022
212-446-2346
Email: maf@fernichlaw.com

Dated: February 1, 2023

## CERTIFICATE OF SERVICE

I, Maksim Nemtsev, hereby certify that on this date, February 1, 2023, a copy of the foregoing documents has been served via Electronic Court Filing system on all registered participants.

**/s/ Maksim Nemtsev**
Maksim Nemtsev, Esq.