UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>VLADISLAV KLYUSHIN,<br>  a/k/a "Vladislav Kliushin,"<br><br>    Defendant | 21-cr-10104 (PBS) |

GOVERNMENT'S OBJECTIONS TO DRAFT JURY INSTRUCTIONS

The government respectfully requests the following modifications to the Court's draft jury instructions.

Instruction No. 16: Conspiracy

On page 3 of the conspiracy instruction, there appears to be a typographical error. The sentence should read, "That is to say, the government must prove that the defendant acted with a bad purpose, either to disobey or disregard the law – and not out of ignorance, accident, or mistake."

In addition, the conspiracy instruction states the conspiracy's objects as "to obtain unauthorized access, and/or to commit wire fraud and securities fraud." (Instruction Number 15) (emphasis supplied). The government respectfully requests that the Court instruct the jury in the disjunctive—that it must prove a conspiracy to obtain unauthorized access or to commit fraud or to commit securities fraud. As currently drafted, the instruction incorrectly suggests to the jury that it must find a conspiracy to commit wire fraud and securities fraud. The proposed verdict form, which features the same language, should be changed accordingly.

Instruction 17 – Multiple Conspiracies

The government objects to the lengthy multiple conspiracy instruction and requests that the Court give the following instruction approved by the First Circuit in *United States v. Bedini*, 861 F.3d 10, 17 (1st Cir. 2017):

> The government must prove that the conspiracy specified in the indictment, and not some other agreement or agreements, existed at or about the time or times specified in the indictment. It is not enough that the government simply prove that some type of conspiracy existed, even one involving some of the same alleged conspirators. The proof, rather, must persuade you that the conspiracy proved is in fact the one alleged in the indictment.

*Id.* Alternatively, the government requests that the Court trim the draft instruction by removing the first and last sentences.

Instruction No. 18 – Good Faith

The government objects to proposed instruction #18 because a standalone "good faith" instruction is not warranted. The Court's proposed instructions include a "good faith" instruction within the wire fraud instruction concerning "intent to defraud" (Instruction No. 19), and again within the securities fraud instruction concerning intent to defraud (Instruction No. 26). It is well-settled in the First Circuit that no more is required. *See United States v. Camuti*, 78 F.3d 738, 744 (1st Cir. 1996) ("A separate instruction on good faith is not required in this circuit where the court adequately instructs on intent to defraud."); *United States v. Dockray*, 943 F.2d 152, 155 (1st Cir. 1991) ("[W]here the court properly instructs the jury on the element of intent to defraud— essentially the opposite of good faith—a separate instruction on good faith is not required."); *United States v. Berroa*, 856 F.3d 141, 161 (1st Cir. 2017) ("[T]he court told the jury that 'to establish specific intent, the Government must prove that the defendant knowingly did an act which the law forbids, purposely intending to violate the law.' Accordingly, no separate good faith

instruction was required."). *See also United States v. Bowling*, 2009 WL 6854970 fn. * (10th Cir. Dec. 23, 2009) (noting that "every one of our sister circuits has come to reject the idea that district courts must give a separate 'good faith' jury instruction in fraud cases"). Accordingly, the government respectfully requests that the Court not give a separate "good faith" instruction, and instead rely on the "good faith" language it has already included in its instructions on specific intent to defraud.

Instruction No. 21: Definition of "Protected Computer"

The defendant is charged under 18 U.S.C. § 1030(a)(4) with accessing "a computer … used … in or affecting interstate or foreign commerce." The government requests that the Court instruct the jury that a computer used in or affecting interstate commerce includes all computers connected to the internet.[1]

Instruction No. 25: Securities Fraud: Materiality

The Court's securities fraud instruction includes the following definition of the term "material fact": "A material fact is one that would have been significant to a reasonable person's investment decision." In the context of a hack-to-trade scheme, the affirmative misstatement is the misrepresentation of the defendant's (or another participant's) identity online to access computer systems to obtain material, nonpublic information. As currently drafted, the instruction

---

[1] *See Chaturvedi v. Siddharth*, 2021 WL 664129, *8 (D. Mass. Feb. 19, 2021) (Saylor, C.J.) (defining computers "in or affecting interstate or foreign commerce" as computers "used in conjunction with a business' efforts to conduct sales across state lines" and those "that provides access to worldwide communications through applications accessible through the internet….." 18 U.S.C. § 1030(e)(2)(B); *see also United States v. Valle*, 807 F.3d 508, 523 (2d Cir. 2015) (same); *United States v. Nosal*, 676 F.3d 854, 859 (9th Cir.2012) (en banc); *United States v. Yucel*, 97 F.Supp.3d 413, 419 (S.D.N.Y. 2015) (collecting cases) (under the CFAA, "[a]ny computer that is connected to the internet is ... part of a system that is inexorably intertwined with interstate commerce") (internal quotations and omitted); *Patrick Patterson Custom Homes, Inc. v. Bach*, 586 F. Supp. 2d 1026, 1032 (N.D. Ill. 2008).
3

incorrectly suggests that the government is required to prove an *additional* material misstatement to another investor. The government respectfully requests that the definition of material fact be adjusted to remain consistent with the materiality instruction in the Court's wire fraud instruction: "A fact or matter is material if it has a natural tendency to influence or is capable of influencing the decision maker to whom it is addressed."

### Instruction No. 28: Venue

The government respectfully requests that the Court eliminate the first four sentences of its venue instruction, and instead begin by stating, "The government must provide, for each offense, that venue is proper in the District of Massachusetts." The draft instruction is the only one of the Court's instructions that mentions the U.S. Constitution or provides such extensive background. And while the Constitution may be the source of the government's burden of proof, it is neither necessary nor appropriate to give it greater emphasis than any of the elements the government must establish.

### Additional Requested Instruction No. 1: Preparation of Witnesses

Where the defendant has suggested with every government witness that the government "practiced" and "rehearsed" direct exams with its witnesses, the government respectfully requests that the Court issue the District's standard instruction on this point:

> Some mention has been made of the preparation of witnesses to testify by the Assistant United States Attorney. There is nothing wrong with a lawyer preparing a witness to testify. As a matter of fact, if the lawyers did not do some preparation, this case would be much longer than it has been. It is to be expected that when an attorney puts a witness on the stand for direct examination, he will have met with the witness and know what the answers are going to be most of the time, that is, assuming the witness is willing to talk to the lawyer ahead of time.
>
> The fact that a witness met with an attorney prior to that witness testifying before you, standing alone, should not usually cause you to discredit the testimony of that witness. You

may, however, consider the fact that a witness was willing to meet, or not meet, with one side or the other, prior to this case, in evaluating the witness' testimony. You may also consider whether any such meeting did, in fact, influence the testimony of the witness.[2]

### Additional Request Instruction No. 2:  Individuals Not on Trial

In light of the references throughout the trial to other individuals who have not been charged, the government respectfully requests the following instruction:

> Some of the people who may have been involved in these events are not on trial.  This does not matter.  There is no requirement that all participants in a crime be charged and prosecuted, or tried together in one proceeding.  You may not draw any inference, favorable or unfavorable, towards the government or the defendant, from the fact that those individuals are not on trial.  Your task is limited to considering the charges contained in the Indictment and the defendant before you.[3]

Respectfully submitted,

RACHAEL S. ROLLINS
United States Attorney

/s/ Stephen E. Frank
STEPHEN E. FRANK
SETH B. KOSTO
Assistant United States Attorneys

February 7, 2023

---

[2] *See, e.g., United States v. Richard Rosario*, 16-cr-30044-MGM, Dkt # 1193 at 18 (D. Mass. February 10, 2020); *United States v. Julio Rivera*, 4:19-cr-40018-TSH (D. Mass); *United States v. Dayana Mendoza, et al.*, No. 09-CR- 292-JG (E.D.N.Y. 2010); *see also United States v. Hassan Abbas*, 20-cr-10016-LTS, Dkt 326 at 106 ("There was testimony at trial that the attorneys interviewed witnesses when preparing for and during the course of the trial. There is nothing improper about conducting such interviews. As part of preparation, lawyers may interview witnesses.").

[3] Adapted from Sand, Modern Federal Jury Instructions, Instr. 3-4; Pattern Criminal Jury Instructions: Sixth Circuit, §3.06 (2005)