UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | )   Criminal No.  21-10104-PBS |
| | ) |
| VLADISLAV KLYUSHIN, | ) |
|     a/k/a "Vladislav Kliushin," | ) |
|     Defendant. | ) |

**UNITED STATES' MOTION FOR (1) ORDER OF FORFEITURE (MONEY JUDGMENT) AND (2) PRELIMINARY ORDER OF FORFEITURE FOR SUBSTITUTE ASSETS IN PARTIAL SATISFACTION OF <u>ORDER OF FORFEITURE (MONEY JUDGMENT)</u>**

The United States of America, by its attorney, Joshua S. Levy, Acting United States Attorney for the District of Massachusetts, respectfully moves this Court for the issuance of an Order of Forfeiture (Money Judgment), and a Preliminary Order of Forfeiture for Substitute Assets in Partial Satisfaction of Order of Forfeiture (Money Judgment), in the above-captioned case, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(B), and 1030(i), 28 U.S.C. § 2461(c), and Rule 32.2(b) of the Federal Rules of Criminal Procedure.  Proposed orders of forfeiture are submitted herewith.  In support thereof, the United States sets forth the following:

1. On April 4, 2021, a federal grand jury sitting in the District of Massachusetts returned a four count Indictment, charging defendant Vladislav Klyushin, a/k/a "Vladislav Kliushin" (the "Defendant"), and others, with Conspiracy to Obtain Unauthorized Access to Computers, and to Commit Wire Fraud and Securities Fraud, in violation of 18 U.S.C. § 371 (Count One); Wire Fraud; Aiding and Abetting, in violation of 18 U.S.C. §§ 1343 and 2 (Count Two); Unauthorized Access to Computers; Aiding and Abetting, in violation of 18 U.S.C. §§ 1030(a)(4) and 2 (Count Three); and Securities Fraud; Aiding and Abetting, in violation of 15 U.S.C. §§ 78j(b) and 78ff(a); 17 C.F.R. § 240.10b-5; and 18 U.S.C. § 2 (Count Four).

2. The Indictment included a Forfeiture Allegation, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), which provided notice that the United States would seek forfeiture, upon conviction of the Defendant of one or more of the offenses charged in Counts One, Two, and Four of the Indictment, of any property, real or personal, which constitutes or is derived from proceeds traceable to such offenses.

3. The Indictment also included a Computer Intrusion Forfeiture Allegation, pursuant to 18 U.S.C. §§ 982(a)(2)(B) and 1030(i), which provided notice that the United States would seek forfeiture, upon conviction of the Defendant of one or more of the offenses set forth in Counts One and Three of the Indictment, of any property constituting or derived from any proceeds obtained, directly or indirectly, as a result of such offenses; and, any personal property used, or intended to be used, to commit, or to facilitate the commission of, such offenses, and any property, real or personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of such offenses.

4. The Indictment's forfeiture allegations also provided notice that, in the event that any property subject to forfeiture, as a result of any act or omission of the Defendant, (a) cannot be located upon the exercise of due diligence, (b) has been transferred or sold to, or deposited with, a third party, (c) has been placed beyond the jurisdiction of the Court, (d) has been substantially diminished in value, or (e) has been commingled with other property which cannot be divided without difficulty, it is the intention of the United States, pursuant to 28 U.S.C. § 2461(c), and 18 U.S.C. §§ 982(b)(2) and 1030(i)(2), each incorporating 21 U.S.C. § 853(p), to seek forfeiture of any other property of the Defendant, up to the value of the property described in paragraphs 2 and 3 above.

5. On February 14, 2023, after a twelve-day jury trial, a jury found the defendant guilty on each of the four counts of the Indictment. *See* Docket No. 198.

6. Based on the evidence and testimony presented at trial, the Defendant personally obtained $20,902,031 USD in total profit from the trading offenses (*see* Trial Ex. 202, attached hereto as Exhibit A); his company, M13,[1] obtained $1,880,502 USD in total profit from the trading offenses (*see id.*), and the Defendant obtained a share of his investors' profits, for a total amount of proceeds obtained by the Defendant of at least $36,600,000 USD.[2] Based on this evidence, and the Defendant's conviction, the United States is now entitled to an Order of Forfeiture (Money Judgment) against the Defendant in the amount of at least $36,600,000, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(B), and 1030(i), and 28 U.S.C. § 2461(c).

7. In addition, the United States has identified the following assets, which are controlled by the Defendant and are currently restrained in the Republic of Cyprus, in connection with the instant case, which the United States intends on forfeiting from the Defendant as substitute assets in partial satisfaction of the Order of Forfeiture (Money Judgment):

    a. Account Numbers USAM586, USAM919, and USAM923, held in the name of Vladislav Klyushin at Otkritie Broker, Ltd. in the Republic of Cyprus; and

    b. Account Number USAM927, held in the name of M-13 at Otkritie Broker, Ltd. in the Republic of Cyprus

(collectively, the "Cyprus Accounts").[3]

---

[1] The Defendant stated, under oath, at his initial appearance that he is the owner of M13. *See* Transcript Excerpt of December 20, 2021 Initial Appearance at p. 15 (attached hereto as Exhibit B); *see also* Presentence Investigation Report dated April 12, 2023 ("PSR"), ¶ 10, 187.

[2] The Defendant obtained up to 60 percent of the profit from the profits of his three investors. *See* Trial Exs. 55A, 56A, and 57A (attached hereto as Exhibit C); *see also* PSR ¶¶ 15, 19, 44.

[3] Upon entry of final orders of forfeiture, liquidation, and transfer to the United States, the United States will credit the funds forfeited from the Cyprus Accounts to the Defendant's forfeiture money judgment amount.

3

**Order of Forfeiture (Money Judgment)**

8. Pursuant to Rule 32.2(b)(4)(A) and based upon the evidence presented at trial and the Defendant's conviction, the Order of Forfeiture (Money Judgment) becomes final upon entry by this Court. As such, no preliminary order of forfeiture is required.

9. The entry of an Order of Forfeiture in the form of a personal money judgment is specifically authorized by Rule 32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure, and such orders of forfeiture are commonplace. *See*, *e.g.*, *United States v. Ponzo*, 853 F.3d 558, 589-90 (1st Cir. 2017) (criminal forfeiture order may take several forms, including an *in personam* judgment against defendant for amount of money defendant obtained as proceeds of offense); *United States v. Zorrilla-Echevarria*, 671 F.3d 1, 11 n. 15 (1st Cir. 2011) ("A criminal forfeiture may take the form of either (1) 'an in personam judgment against the defendant for the amount of money the defendant obtained as proceeds of the offense,' (2) forfeiture of specific assets related to criminal activity, or (3) forfeiture of 'substitute assets' if the specific assets are unavailable.") (citation omitted); *United States v. Hall*, 434 F.3d 42, 59 (1st Cir. 2006) (same).

10. Once the Order of Forfeiture is entered, the United States may move at any time, pursuant to Rule 32.2(e)(1)(B), to amend the Order to forfeit specific property of the Defendant, having a value up to the amount of the money judgment. *See United States v. Zorrilla-Echevarria*, 671 F.3d 1, 11 n. 15 (1st Cir. 2011) ("[a] money judgment permits the government to collect on the forfeiture order … even if a defendant does not have sufficient funds to cover the forfeiture at the time of the conviction, the government may seize future assets to satisfy the order"); *United States v. Saccoccia, 564 F.3d 502, 506-507 (1st Cir. 2009)* (once government obtains money judgment, it may move at any time to forfeit direct or substitute assets in partial satisfaction of that judgment).

11.	Upon entry of the Order of Forfeiture, the United States may also, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, "conduct any discovery the court considers proper in identifying, locating or disposing of the property" that has been forfeited to the United States. Such discovery may include the taking of depositions of witnesses. *See* 21 U.S.C. § 853(m), as incorporated by 28 U.S.C. § 2461(c), and as incorporated by 18 U.S.C. §§ 982(b)(2) and 1030(i)(2), (making Section 853 applicable to all criminal forfeiture cases); *see also United States v. Saccoccia,* 354 F.3d 9, 15 (1st Cir. 2003) ("the government may utilize its enforcement powers under [18 U.S.C. §] 1963(k) to 'trace' tainted funds"); *United States v. Saccoccia*, 898 F. Supp. 53, 60 (D.R.I. 1995) (the United States can take depositions of defense counsel to determine source of their fees for the purpose of locating a pool of assets controlled by defendant that is subject to forfeiture). In addition, the reference in Rule 32.2(b)(3) to "any discovery the court considers proper" necessarily permits the court to authorize discovery under the Federal Rules of Civil Procedure. Such discovery includes, but is not limited to, the authority to issue a request for documents to a party under Rule 34 and to a non-party under Rules 34(c) and 45.

12.	Pursuant to Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure, no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment.

**Preliminary Order of Forfeiture for Substitute Assets in Partial Satisfaction of Order of Forfeiture (Money Judgment)**

13.	In light of the evidence and testimony presented at trial and the Defendant's conviction, the issuance of the $36,600,000 Order of Forfeiture (Money Judgment) against the Defendant, and pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure, the United States is now entitled to the forfeiture of the Cyprus Accounts as substitute assets in partial satisfaction of the outstanding forfeiture money judgment issued against the Defendant. The

United States believes that the assets in the Cyprus Accounts have a value that is significantly less than the forfeiture money judgment amount the United States is requesting.

14. Pursuant to 21 U.S.C. § 853(p), incorporating 28 U.S.C. § 2461(c) and 18 U.S.C. §§ 982(b)(2) and 1030(i)(2), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is entitled to a Preliminary Order of Forfeiture for Substitute Assets in Partial Satisfaction of Order of Forfeiture (Money Judgment) against the Cyprus Accounts.

15. Upon the issuance of a Preliminary Order of Forfeiture for Substitute Assets in Partial Satisfaction of Order of Forfeiture (Money Judgment), and pursuant to 21 U.S.C. § 853(n)(1), incorporating 28 U.S.C. § 2461(c) and 18 U.S.C. §§ 982(b)(2) and 1030(i)(2), the United States shall publish, for thirty (30) consecutive calendar days, notice of the Preliminary Order of Forfeiture for Substitute Assets in Partial Satisfaction of Order of Forfeiture (Money Judgment), and notice of the United States' intent to dispose of the Cyprus Accounts on the government website www.forfeiture.gov, and notice that any person, other than the Defendant, having or claiming a legal interest in the Cyprus Accounts must file a petition with the Court within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier.

16. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Cyprus Accounts, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's claim and the relief sought.

17. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Cyprus Accounts, as substitute for published notice as to those persons to be notified.

WHEREFORE, the United States requests that this Court:

(a) enter the Order of Forfeiture (Money Judgment) in the form submitted herewith;

(b) enter the Preliminary Order of Forfeiture for Substitute Assets in Partial Satisfaction of Order of Forfeiture (Money Judgment) in the form submitted herewith;

(c) retain jurisdiction in the case for the purpose of enforcing the Order of Forfeiture (Money Judgment) and the Preliminary Order of Forfeiture for Substitute Assets in Partial Satisfaction of Order of Forfeiture (Money Judgment);

(d) include the forfeiture, as set forth in the Order of Forfeiture (Money Judgment) and in the Preliminary Order of Forfeiture for Substitute Assets in Partial Satisfaction of Order of Forfeiture (Money Judgment), in the oral pronouncement of the Defendant's sentence; and

(e) incorporate the Order of Forfeiture (Money Judgment) and the Preliminary Order of Forfeiture for Substitute Assets in Partial Satisfaction of Order of Forfeiture (Money Judgment) in the criminal judgment entered against the Defendant, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4).

Respectfully submitted,

JOSHUA S. LEVY
Acting United States Attorney,

By: /s/ Carol E. Head
STEPHEN E. FRANK
SETH B. KOSTO
CAROL E. HEAD
Assistant United States Attorneys
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100

Dated: July 17, 2023