UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No.   21-10104-PBS |
| | ) | |
| VLADISLAV KLYUSHIN, | ) | |
| a/k/a "Vladislav Kliushin," | ) | |
| Defendant. | ) | |

### UNITED STATES' MOTION FOR (1) PRELIMINARY ORDER OF FORFEITURE FOR SUBSTITUTE ASSETS IN PARTIAL SATISFACTION OF ORDER OF FORFEITURE (MONEY JUDGMENT) AND (2) RESTRAINING ORDER

The United States of America, by its attorney, Joshua S. Levy, Acting United States Attorney for the District of Massachusetts, respectfully moves this Court for the issuance of a Preliminary Order of Forfeiture for Substitute Assets in Partial Satisfaction of Order of Forfeiture (Money Judgment) in the above-captioned case, pursuant to 21 U.S.C. § 853(p), incorporating 28 U.S.C. § 2461(c) and 18 U.S.C. §§ 982(b)(2) and 1030(i)(2), and Rule 32.2(b) and (e) of the Federal Rules of Criminal Procedure.   The United States also moves for a Restraining Order, pursuant to 21 U.S.C. § 853(g), incorporated by 28 U.S.C. § 2461(c), and 18 U.S.C. §§ 982(b)(2) and 1030(i)(2), which authorizes the Court, upon application of the United States, to enter such appropriate restraining orders and take any other action to protect the interests of the United States in the property ordered to be forfeited.   A proposed Preliminary Order of Forfeiture for Substitute Assets in Partial Satisfaction of Order of Forfeiture (Money Judgment), and a proposed Restraining Order, are submitted herewith.   In support thereof, the United States sets forth the following:

1.      On April 4, 2021, a federal grand jury sitting in the District of Massachusetts returned a four count Indictment, charging defendant Vladislav Klyushin, a/k/a "Vladislav Kliushin" (the "Defendant"), and others, with Conspiracy to Obtain Unauthorized Access to

Computers, and to Commit Wire Fraud and Securities Fraud, in violation of 18 U.S.C. § 371

(Count One); Wire Fraud; Aiding and Abetting, in violation of 18 U.S.C. §§ 1343 and 2 (Count

Two); Unauthorized Access to Computers; Aiding and Abetting, in violation of 18 U.S.C.

§§ 1030(a)(4) and 2 (Count Three); and Securities Fraud; Aiding and Abetting, in violation of 15

U.S.C. §§ 78j(b) and 78ff(a); 17 C.F.R. § 240.10b-5; and 18 U.S.C. § 2 (Count Four).

2.      The Indictment included a Forfeiture Allegation, pursuant to 18 U.S.C.

§ 981(a)(1)(C) and 28 U.S.C. § 2461(c), which provided notice that the United States would seek

forfeiture, upon conviction of the Defendant of one or more of the offenses charged in Counts

One, Two, and Four of the Indictment, of any property, real or personal, which constitutes or is

derived from proceeds traceable to such offenses.

3.      The Indictment also included a Computer Intrusion Forfeiture Allegation,

pursuant to 18 U.S.C. §§ 982(a)(2)(B) and 1030(i), which provided notice that the United States

would seek forfeiture, upon conviction of the Defendant of one or more of the offenses set forth

in Counts One and Three of the Indictment, of any property constituting or derived from any

proceeds obtained, directly or indirectly, as a result of such offenses; and, any personal property

used, or intended to be used, to commit, or to facilitate the commission of, such offenses, and

any property, real or personal, constituting or derived from any proceeds obtained, directly or

indirectly, as a result of such offenses.

4.      The Indictment's forfeiture allegations also provided notice that, in the event that

any property subject to forfeiture, as a result of any act or omission of the Defendant, (a) cannot

be located upon the exercise of due diligence, (b) has been transferred or sold to, or deposited

with, a third party, (c) has been placed beyond the jurisdiction of the Court, (d) has been

substantially diminished in value, or (e) has been commingled with other property which cannot

be divided without difficulty, it is the intention of the United States, pursuant to 28 U.S.C.

§ 2461(c), and 18 U.S.C. §§ 982(b)(2) and 1030(i)(2), each incorporating 21 U.S.C. § 853(p), to

seek forfeiture of any other property of the Defendant, up to the value of the property described

in paragraphs 2 and 3 above.

5.    On February 14, 2023, after a twelve-day jury trial, a jury found the defendant

guilty on each of the four counts of the Indictment.   *See* Docket No. 198.

6.    Based on the evidence and testimony presented at trial, the Defendant personally

obtained $19,107,383 in United States currency in total profit from the trading offenses; his

company, M13, obtained $1,302,622 United States currency in total profit from the trading

offenses; and the Defendant obtained a share of his investors' profits, for a total amount of

proceeds obtained by the Defendant of at least $34,065,419.50 in United States currency.

7.    On September 6, 2023, this Court granted the United States' Motion for Order of

Forfeiture (Money Judgment) in the amount of $34,065,419.50, pursuant to 18 U.S.C.

§§ 981(a)(1)(C), 982(a)(2)(B), and 1030(i), and 28 U.S.C. § 2461(c) against the Defendant.   *See*

Docket No. 254.

8.    Pursuant to the Order of Forfeiture (Money Judgment), and Rule 32.2(e) of the

Federal Rules of Criminal Procedure, the United States is entitled to amend its Order of

Forfeiture (Money Judgment) at any time to include substitute property having a value not to

exceed $34,065,419.50, to satisfy the Order of Forfeiture (Money Judgment), in whole or in part.

*Id.* at 3-4.

9.    The United States has identified the following property in which the Defendant

has an interest, which is therefore subject to forfeiture:

(a)    Flat C, 4 Emperors Gate, London, GA SW74HH, Greater London County,
with a Title Number BGL85580, and Registered Owner Vladislav

3

Klyushin (the "London Property").

10.     The United States estimates that the London Property has a value of approximately $1.3 million.   Even after completion of the forfeiture of other substitute assets (*i.e.*, the Cyprus Accounts) identified by the government, see Docket No. 257, there will be well in excess of $1.3 million outstanding on the forfeiture money judgment.

11.     Pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture for Substitute Assets in Partial Satisfaction of Order of Forfeiture (Money Judgment) against the London Property.

12.     Upon the issuance of a Preliminary Order of Forfeiture for Substitute Assets in Partial Satisfaction of Order of Forfeiture (Money Judgment), and pursuant to 18 U.S.C. § 982(b), and 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(n)(1), the United States shall publish, for thirty (30) consecutive calendar days, notice of the Preliminary Order of Forfeiture for Substitute Assets in Partial Satisfaction of Order of Forfeiture (Money Judgment), and notice of the United States' intent to dispose of the London Property on the government website www.forfeiture.gov, and notice that any person, other than the Defendant, having or claiming a legal interest in the London Property, must file a petition with the Court within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier.

13.     This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the London Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the London Property, and any additional facts supporting the petitioner's

4

claim and the relief sought.

14.     The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the London Property, as a substitute for published notice as to those persons so notified.

### *Request for a Restraining Order*

15.     Pursuant to 21 U.S.C. § 853(g), incorporated by 28 U.S.C. § 2461(c), 18 U.S.C. §§ 982(b)(2), and 1030(i)(2), and upon the issuance of a Preliminary Order of Forfeiture for Substitute Assets in Partial Satisfaction of Order of Forfeiture (Money Judgment), and application of the United States, the Court is authorized to enter such appropriate restraining orders and take any other action to protect the interests of the United States in the property ordered forfeited.  *See also United States v. Salvagno*, No. 502-CR-051 LEK/RFT, 2006 WL 2546477, at *16 (N.D.N.Y. Aug. 28, 2006) ("once a [preliminary order of forfeiture] identifies the specific substituted property … the substituted asset may be restrained") (citing *United States v. Numisgroup Int'l Corp.*, 169 F.Supp.2d 133, 137-39 (E.D.N.Y. 2001)); *United States v. Shah*, No. 19 CR 864, 2023 WL 7666091, at *12 (N.D. Ill. Nov. 15, 2023) ("Restraining the substitute property is entirely appropriate, if not inherent in the preliminary order of forfeiture itself.").

16.     There is reasonable cause for entry of a Restraining Order.   The Defendant owns the London Property.   The Preliminary Order of Forfeiture for Substitute Assets in Partial Satisfaction of Order of Forfeiture (Money Judgment) forfeits the Defendant's interest in the London Property, and the United States has an interest in preserving the *status quo* and availability of the London Property for forfeiture until the government completes noticing of third parties, pursuant to Rule 32.2(b)(6); the conclusion of any ancillary proceedings to resolve

third party interests, pursuant to Rule 32.2(c) and (e); and, entry of a final order of forfeiture,

pursuant to Rule 32.2(c) and (e).   A Restraining Order is necessary to preserve the availability

of the London Property and to protect the interests of the United States in the London Property

until these forfeiture proceedings are complete.

WHEREFORE, the United States requests that this Court:

(a)   enter the Preliminary Order of Forfeiture for Substitute Assets in Partial

Satisfaction of Order of Forfeiture (Money Judgment);

(b)   retain jurisdiction in this case for purposes of enforcing the forfeiture; and

(c)   enter the Restraining Order to protect the United States' interest in the London

Property.

Respectfully submitted,

JOSHUA S. LEVY
Acting United States Attorney


By:   */s/ Carol E. Head*
STEPHEN E. FRANK
SETH B. KOSTO
CAROL E. HEAD
Assistant United States Attorneys
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100
Dated:   January 23, 2024          carol.head@usdoj.gov