UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal No. 21-10104-PBS |
| | ) |
| VLADISLAV KLYUSHIN, | ) |
| a/k/a "Vladislav Kliushin," | ) |
| Defendant. | ) |

**PRELIMINARY ORDER OF FORFEITURE FOR SUBSTITUTE ASSETS
IN PARTIAL SATISFACTION OF ORDER OF FORFEITURE (MONEY JUDGMENT)**

**SARIS, D.J.**

WHEREAS, on April 4, 2021, a federal grand jury sitting in the District of Massachusetts returned a four count Indictment, charging defendant Vladislav Klyushin, a/k/a "Vladislav Kliushin" (the "Defendant"), and others, with Conspiracy to Obtain Unauthorized Access to Computers, and to Commit Wire Fraud and Securities Fraud, in violation of 18 U.S.C. § 371 (Count One); Wire Fraud; Aiding and Abetting, in violation of 18 U.S.C. §§ 1343 and 2 (Count Two); Unauthorized Access to Computers; Aiding and Abetting, in violation of 18 U.S.C. §§ 1030(a)(4) and 2 (Count Three); and Securities Fraud; Aiding and Abetting, in violation of 15 U.S.C. §§ 78j(b) and 78ff(a); 17 C.F.R. § 240.10b-5; and 18 U.S.C. § 2 (Count Four);

WHEREAS, the Indictment included a Forfeiture Allegation, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), which provided notice that the United States would seek forfeiture, upon conviction of the Defendant of one or more of the offenses charged in Counts One, Two, and Four of the Indictment, of any property, real or personal, which constitutes or is derived from proceeds traceable to such offenses;

WHEREAS, the Indictment also included a Computer Intrusion Forfeiture Allegation, pursuant to 18 U.S.C. §§ 982(a)(2)(B) and 1030(i), which provided notice that the United States

would seek forfeiture, upon conviction of the Defendant of one or more of the offenses set forth in Counts One and Three of the Indictment, of any property constituting or derived from any proceeds obtained, directly or indirectly, as a result of such offenses; and, any personal property used, or intended to be used, to commit, or to facilitate the commission of, such offenses, and any property, real or personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of such offenses;

WHEREAS, the Indictment's forfeiture allegations also provided notice that, in the event that any property subject to forfeiture, as a result of any act or omission of the Defendant, (a) cannot be located upon the exercise of due diligence, (b) has been transferred or sold to, or deposited with, a third party, (c) has been placed beyond the jurisdiction of the Court, (d) has been substantially diminished in value, or (e) has been commingled with other property which cannot be divided without difficulty, it is the intention of the United States, pursuant to 28 U.S.C. § 2461(c), 18 U.S.C. §§ 982(b)(2), and 1030(i)(2), each incorporating 21 U.S.C. § 853(p), to seek forfeiture of any other property of the Defendant, up to the value of the property described above;

WHEREAS, on February 14, 2023, after a twelve-day jury trial, a jury found the defendant guilty on each of the four counts of the Indictment;

WHEREAS, based on the evidence and testimony presented at trial, the Defendant personally obtained $19,107,383 in United States currency in total profit from the trading offenses; his company, M13, obtained $1,302,622 United States currency in total profit from the trading offenses; and the Defendant obtained a share of his investors' profits, for a total amount of proceeds obtained by the Defendant of at least $34,065,419.50 in United States currency;

2

WHEREAS, on September 6, 2023, this Court granted the United States' Motion for Order of Forfeiture (Money Judgment) in the amount of $34,065,419.50, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(B), and 1030(i), and 28 U.S.C. § 2461(c) against the Defendant;

WHEREAS, pursuant to the Order of Forfeiture (Money Judgment), and Rule 32.2(e) of the Federal Rules of Criminal Procedure, the United States is entitled to amend its Order of Forfeiture (Money Judgment) at anytime to include substitute property having a value not to exceed $34,065,419.50, to satisfy the Order of Forfeiture (Money Judgment), in whole or in part;

WHEREAS, the United States has identified the following property in which the Defendant has an interest, which is therefore subject to forfeiture:

    (a)    Flat C, 4 Emperors Gate, London, GA SW74HH, Greater London County, with a Title Number BGL85580, and Registered Owner Vladislav Klyushin (the "London Property"); and

WHEREAS, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture for Substitute Assets in Partial Satisfaction of Order of Forfeiture (Money Judgment) against the London Property.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1.    Pursuant to the Court's Order of Forfeiture (Money Judgment), and Rule 32.2(e) of the Federal Rules of Criminal Procedure, the Court finds that the London Property is hereby forfeited to the United States of America for disposition pursuant to 28 U.S.C. § 2461(c), 18 U.S.C. §§ 982(b)(2), and 1030(i)(2), incorporating 21 U.S.C. § 853(p).

2.    Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States is hereby authorized to seize the London Property and maintain it in its secure custody and control.

3.      Pursuant to 28 U.S.C. § 2461(c), 18 U.S.C. §§ 982(b)(2), and 1030(i)(2), incorporating 21 U.S.C. § 853(n)(1), the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture for Substitute Assets in Partial Satisfaction of Order of Forfeiture (Money Judgment), and notice of the United States' intent to dispose of the London Property.

4.      Pursuant to 28 U.S.C. § 2461(c), 18 U.S.C. §§ 982(b)(2), and 1030(i)(2), incorporating 21 U.S.C. § 853(n)(1), and Rule 32.2(b)(6)(C) of the Federal Rules of Criminal Procedure, the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the London Property to be forfeited.

5.      Pursuant to 28 U.S.C. § 2461(c), 18 U.S.C. §§ 982(b)(2), and 1030(i)(2), incorporating 21 U.S.C. § 853(n)(1), and Rule 32.2(b)(6)(C) of the Federal Rules of Criminal Procedure, the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the London Property shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the London Property; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the London Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the London Property, any additional facts supporting the petitioner's claim, and the relief sought.

6.      Pursuant to 28 U.S.C. § 2461(c), 18 U.S.C. §§ 982(b)(2), and 1030(i)(2), incorporating 21 U.S.C. § 853(n)(1), following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in

21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the London Property.

7.  Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture for Substitute Assets in Partial Satisfaction of Order of Forfeiture (Money Judgment), pursuant to 28 U.S.C. § 2461(c), 18 U.S.C. §§ 982(b)(2), and 1030(i)(2), incorporating 21 U.S.C. § 853(n)(1), and Rule 32.2(c) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

Dated: _____

_____
PATTI B. SARIS
United States District Judge