UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal No. 21-10104-PBS |
| | ) |
| VLADISLAV KLYUSHIN, | ) |
| a/k/a "Vladislav Kliushin," | ) |
| Defendant. | ) |

## **RESTRAINING ORDER**

**SARIS, D.J.**

Upon consideration of the United States' Motion for Preliminary Order of Forfeiture for Substitute Assets in Partial Satisfaction of Order of Forfeiture (Money Judgment), and Restraining Order, and pursuant to 21 U.S.C. § 853(g), incorporated by 28 U.S.C. § 2461(c), and 18 U.S.C. §§ 982(b)(2) and 1030(i)(2), the Court finds and orders as follows:

1. On September 6, 2023, this Court granted the United States' Motion for Order of Forfeiture (Money Judgment) in the amount of $34,065,419.50, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(B), and 1030(i), and 28 U.S.C. § 2461(c) against the defendant Vladislav Klyushin, a/k/a "Vladislav Kliushin" (the "Defendant").  Pursuant to the Order of Forfeiture (Money Judgment), and Rule 32.2(e) of the Federal Rules of Criminal Procedure, the United States is entitled to amend its Order of Forfeiture (Money Judgment) at any time to include substitute property having a value not to exceed $34,065,419.50, to satisfy the Order of Forfeiture (Money Judgment), in whole or in part.

2. On January 23, 2024, the United States moved for a Preliminary Order of Forfeiture for Substitute Assets in Partial Satisfaction of Order of Forfeiture (Money Judgement) against the following property in which the Defendant has an interest:

    (a) Flat C, 4 Emperors Gate, London, GA SW74HH, Greater London County,

        with a Title Number BGL85580, and Registered Owner Vladislav Klyushin (the "London Property").

3.      The Court allowed the United States' Motion for Preliminary Order of Forfeiture for Substitute Assets in Partial Satisfaction of Order of Forfeiture (Money Judgment) against the London Property, which forfeited the Defendant's interest in the London Property.

4.      The United States also moved for a Restraining Order, pursuant to 21 U.S.C. § 853(g), incorporated by 28 U.S.C. § 2461(c), and 18 U.S.C. §§ 982(b)(2) and 1030(i)(2), to prevent the Defendant and all other persons with notice of this Order from removing, transferring, dissipating, alienating, encumbering, or otherwise disposing of the London Property.

5.      Pursuant to 21 U.S.C. § 853(g), incorporated by 28 U.S.C. § 2461(c), and 18 U.S.C. §§ 982(b)(2) and 1030(i)(2), and upon the issuance of a Preliminary Order of Forfeiture for Substitute Assets in Partial Satisfaction of Order of Forfeiture (Money Judgment) and application of the United States, the Court is authorized to enter such appropriate restraining orders and take any other action to protect the interests of the United States in the property ordered forfeited.

6.      There is reasonable cause for entry of this Order. The Defendant owns the London Property. The Preliminary Order of Forfeiture for Substitute Assets in Partial Satisfaction of Order of Forfeiture (Money Judgment) forfeits the Defendant's interest in the London Property, and the United States has an interest in preserving the *status quo* and availability of the London Property for forfeiture until the government completes noticing of third parties, pursuant to Rule 32.2(b)(6); the conclusion of any ancillary proceedings to resolve third party interests, pursuant to Rule 32.2(c) and (e); and entry of a final order of forfeiture, pursuant to Rule 32.2(c) and (e). A Restraining Order is necessary to preserve the availability of the London Property and to protect the interests of the United States in the London Property until these forfeiture proceedings are complete.

It is hereby ORDERED that the Motion is granted and that this Restraining Order issue with respect to the London Property.

It is further ORDERED that defendant Vladislav Klyushin, as well as the Defendant's representatives, attorneys, agents, family members, nominees, alter egos (companies), custodians, assigns, and any other person or entity having possession, interest, or control over the London Property subject to this Order (the "Restrained Parties") shall fully comply with the terms of this Order and shall not, without prior approval of this Court, upon notice to the United States and an opportunity for the United States to be heard:

a) alienate, dissipate, transfer, sell, assign, lease, pledge, encumber, hypothecate, spend, dispose of, or remove equipment or fixtures from the London Property, in any manner, directly or indirectly, or complete any action that would affect or diminish the marketability of the London Property;

b) cause the London Property to be alienated, dissipated, transferred, sold, assigned, leased, pledged, encumbered, or disposed of in any manner; or

c) take, or cause to be taken, any action which could have the effect of concealing the London Property, removing the London Property from the jurisdiction of this Court, or damaging, depreciating, or diminishing the value of, the London Property.

The Defendant and the Restrained Parties are hereby placed on notice that if the London Property is transferred, dissipated, or disposed of by any means, and without approval of this Court, the Court may require the Defendant and any others restrained by this Order to account to the Court for the disposition and location of the London Property, and any proceeds traceable thereto.

It is further ORDERED that the record owners of the London Property are required to maintain the present condition of the London Property, including timely payment of all mortgage payments, insurance, utilities, taxes, and assessments until further order of this Court.

It is further ORDERED that anyone holding a mortgage or lien on the London Property shall respond promptly to requests by the United States for information on said mortgages or liens.

The United States, or its agents, shall serve this Order upon the Defendant and shall provide due notice of the Order to other persons and entities subject to the Order.

It is further ORDERED that such persons and entities, upon receipt of such notice, which may be provided by facsimile or electronic transmission, shall fully comply with the terms of this Order immediately upon such receipt.

This Order shall remain in effect until further order of the Court.

                                  APPROVED AND SO ORDERED:

Date: _____                _____
                                                    PATTI B. SARIS
                                                      United States District Judge