# Exhibit 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **[LEAVE TO FILE REQUESTED]** |
| | ) | |
| v. | ) | Criminal No.   21-10104-PBS |
| | ) | |
| VLADISLAV KLYUSHIN, | ) | |
| a/k/a "Vladislav Kliushin," | ) | |
| Defendant. | ) | |

**UNITED STATES' REPLY BRIEF IN SUPPORT OF ITS MOTION FOR
(1) PRELIMINARY ORDER OF FORFEITURE FOR SUBSTITUTE ASSETS IN
PARTIAL SATISFACTION OF ORDER OF FORFEITURE (MONEY JUDGMENT)
AND (2) RESTRAINING ORDER**

The United States of America, by its attorney, Joshua S. Levy, Acting United States

Attorney for the District of Massachusetts, respectfully submits this reply brief in support of its

Motion for the issuance of a Preliminary Order of Forfeiture and Restraining Order (Docket No.

269) against the following property:

(a)     Flat C, 4 Emperors Gate, London, GA SW74HH, Greater London County, with a
        Title Number BGL85580, and Registered Owner Vladislav Klyushin (the
        "London Property").

First, the United States Marshals Service conducted a title search and obtained a title report

on the London Property in late 2023, which revealed that the London Property was held solely in

the name of Vladislav Klyushin (the "Defendant").   As Defendant acknowledges in his Response

(Docket No. 271), there is an effort to transfer the title of the London Property to his wife which

further underscores the need for prompt entry of the requested Restraining Order and Preliminary

Order of Forfeiture.

Second, once the Preliminary Order of Forfeiture and Restraining Order are issued, the

government will employ the procedures of the applicable Mutual Legal Assistance Treaty

("MLAT") to request that authorities in the United Kingdom enforce the Orders and restrain the

London Property by recording the Orders and providing notice to certain third parties.   The

government believes that United Kingdom authorities will enforce a forfeiture order against the

London Property, but ultimately, that is a matter to be decided in the United Kingdom under

United Kingdom law, as the Defendant concedes in his Response (*see* Docket No. 271 at 2).

Under United States law, however, the government has the right to seek a preliminary order of

forfeiture of *any property* of the Defendant up to the amount of the forfeiture money judgment.

*See* 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), ("the court shall order the

forfeiture of any other property of the defendant, up to the value of [the forfeiture money

judgment]").

Finally, in conferring with the Defendant's counsel prior to the Defendant filing his

Response, the government offered and agreed to defer moving for any final order of forfeiture of

the London Property until the Defendant's appeal is decided by the First Circuit.   Absent an

unexpected change of circumstances, that is what the government intends to do here.

For the foregoing reasons and those in United States' Motion, Docket No. 269, the United States respectfully requests that the Court enter a Preliminary Order of Forfeiture and Restraining Order against the London Property.

Respectfully submitted,

JOSHUA S. LEVY
Acting United States Attorney

By:   /s/ Carol E. Head
STEPHEN E. FRANK
SETH B. KOSTO
CAROL E. HEAD
Assistant United States Attorneys
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100
carol.head@usdoj.gov

Dated:  February 6, 2024

3