UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal No. 21-10104-PBS |
| ) | |
| VLADISLAV KLYUSHIN, ) | |
| a/k/a "Vladislav Kliushin," ) | |
| Defendant. ) | |

**FINAL ORDER OF FORFEITURE FOR SUBSTITUTE ASSETS IN PARTIAL SATISFACTION OF ORDER OF FORFEITURE (MONEY JUDGMENT)**

**SARIS, D.J.**

WHEREAS, on April 4, 2021, a federal grand jury sitting in the District of Massachusetts returned a four count Indictment, charging defendant Vladislav Klyushin, a/k/a "Vladislav Kliushin" (the "Defendant"), and others, with Conspiracy to Obtain Unauthorized Access to Computers, and to Commit Wire Fraud and Securities Fraud, in violation of 18 U.S.C. § 371 (Count One); Wire Fraud; Aiding and Abetting, in violation of 18 U.S.C. §§ 1343 and 2 (Count Two); Unauthorized Access to Computers; Aiding and Abetting, in violation of 18 U.S.C. §§ 1030(a)(4) and 2 (Count Three); and Securities Fraud; Aiding and Abetting, in violation of 15 U.S.C. §§ 78j(b) and 78ff(a); 17 C.F.R. § 240.10b-5; and 18 U.S.C. § 2 (Count Four);

WHEREAS, the Indictment included a Forfeiture Allegation, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), which provided notice that the United States would seek forfeiture, upon conviction of the Defendant of one or more of the offenses charged in Counts One, Two, and Four of the Indictment, of any property, real or personal, which constitutes or is derived from proceeds traceable to such offenses;

WHEREAS, the Indictment also included a Computer Intrusion Forfeiture Allegation, pursuant to 18 U.S.C. §§ 982(a)(2)(B) and 1030(i), which provided notice that the United States

would seek forfeiture, upon conviction of the Defendant of one or more of the offenses set forth in Counts One and Three of the Indictment, of any property constituting or derived from any proceeds obtained, directly or indirectly, as a result of such offenses; and, any personal property used, or intended to be used, to commit, or to facilitate the commission of, such offenses, and any property, real or personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of such offenses;

WHEREAS, the Indictment's forfeiture allegations also provided notice that, in the event that any property subject to forfeiture, as a result of any act or omission of the Defendant, (a) cannot be located upon the exercise of due diligence, (b) has been transferred or sold to, or deposited with, a third party, (c) has been placed beyond the jurisdiction of the Court, (d) has been substantially diminished in value, or (e) has been commingled with other property which cannot be divided without difficulty, it is the intention of the United States, pursuant to 28 U.S.C. § 2461(c), and 18 U.S.C. §§ 982(b)(2) and 1030(i)(2), each incorporating 21 U.S.C. § 853(p), to seek forfeiture of any other property of the Defendant, up to the value of the property described above;

WHEREAS, on February 14, 2023, after a twelve-day jury trial, a jury found the defendant guilty on each of the four counts of the Indictment;

WHEREAS, based on the evidence and testimony presented at trial, the Defendant personally obtained $20,902,031 Unites States currency in total profit from the trading offenses; his company, M13,[1] obtained $1,880,502 United States currency in total profit from the trading

---

[1] The Defendant stated, under oath, at his initial appearance, that he is the owner of M13.

offenses; and the Defendant obtained a share of his investors' profits, for a total amount of proceeds obtained by the Defendant of at least $36,600,000 United States currency;[2]

WHEREAS, on July 17, 2023, the United States filed a Motion for Preliminary Order of Forfeiture for Substitute Assets in Partial Satisfaction of Order of Forfeiture (Money Judgment) against the following property, pursuant to 21 U.S.C. § 853(p), incorporating 28 U.S.C. § 2461(c) and 18 U.S.C. §§ 982(b)(2) and 1030(i)(2), and Rule 32.2(e) of the Federal Rules of Criminal Procedure:

    a.    Account Numbers USAM586, USAM919, and USAM923, held in the name of Vladislav Klyushin at Otkritie Broker, Ltd. in the Republic of Cyprus; and

    b.    Account Number USAM927, held in the name of M-13 at Otkritie Broker, Ltd. in the Republic of Cyprus

(collectively, the "Cyprus Accounts");

WHEREAS, the Defendant did not file an opposition to the United States' Motion for Preliminary Order of Forfeiture for Substitute Assets in Partial Satisfaction of Order of Forfeiture (Money Judgment);

WHEREAS, on September 6, 2023, this Court issued an Order of Forfeiture (Money Judgment) against the Defendant in the amount of $34,065,419.50;

WHEREAS, on September 7, 2023, a sentencing hearing was held whereby the Defendant was sentenced to nine years incarceration, and the Order of Forfeiture (Money Judgment) in the amount of $34,065,419.50 was imposed as a part of the Defendant's sentence;[3]

WHEREAS, on September 14, 2023, this Court issued a Preliminary Order of Forfeiture

---

[2] The Defendant obtained up to 60 percent of the profit from the profits of his three investors.

[3] On November 13, 2024, the Court ordered Restitution against the Defendant in the amount of $2,446,942.41.

for Substitute Assets in Partial Satisfaction of Order of Forfeiture (Money Judgment) against the following property, pursuant to 21 U.S.C. § 853(p), incorporating 28 U.S.C. § 2461(c) and 18 U.S.C. §§ 982(b)(2) and 1030(i)(2), and Rule 32.2(e) of the Federal Rules of Criminal Procedure:

    a.    Account Numbers USAM586, USAM919, and USAM923, held in the name of Vladislav Klyushin at Otkritie Broker, Ltd. in the Republic of Cyprus; and

    b.    Account Number USAM927, held in the name of M-13 at Otkritie Broker, Ltd. in the Republic of Cyprus

(collectively, the "Cyprus Accounts");[4]

WHEREAS, according to the brokerage records obtained and reviewed by the United States, the Defendant is the only signatory on the Cyprus Accounts;

WHEREAS, the United States believes that the assets in the Cyprus Accounts have a value that is significantly less than the Defendant's outstanding $34,065,419.50 forfeiture money judgment;

WHEREAS, notice of the Preliminary Order of Forfeiture for Substitute Assets in Partial Satisfaction of Order of Forfeiture (Money Judgment) was sent to all interested parties, including the Defendant, via certified mail to the following address: Vladislav Klyushin, USM#79306-509, MDC Brooklyn, Metropolitan Detention Center, P.O. Box 329002, Brooklyn, NY 11232; and counsel for the Defendant, who were served a copy of the Preliminary Order of Forfeiture for Substitute Assets in Partial Satisfaction of Order of Forfeiture (Money Judgment), via the Electronic Case Filing system (ECF), in accordance with 21 U.S.C. § 853(n)(1) and Fed. R. Crim. P. 32.2(b)(6)(D), incorporating Supplemental Rule G(4)(b)(iv), which provides for

---

[4] Upon entry of final orders of forfeiture, liquidation, and transfer to the United States, the United States will credit the funds forfeited from the Cyprus Accounts to the Defendant's $34,065,419.50 forfeiture money judgment amount.

service by electronic mail; and was published on the government website www.forfeiture.gov for thirty (30) consecutive calendar days, beginning on September 19, 2023, and ending on October 18, 2023; and

WHEREAS, no claims of interest in the Cyprus Accounts have been filed with the Court or served on the United States Attorney's Office, and the time within which to do so has expired.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. The United States' Motion for a Final Order of Forfeiture for Substitute Assets in Partial Satisfaction of Order of Forfeiture (Money Judgment) is allowed.

2. The United States of America is now entitled to the forfeiture of all right, title, or interest in the Cyprus Accounts, and they are hereby forfeited to the United States of America pursuant to 21 U.S.C. § 853(p), incorporating 28 U.S.C. § 2461(c) and 18 U.S.C. §§ 982(b)(2) and 1030(i)(2), and Rule 32.2(c) of the Federal Rules of Criminal Procedure.

3. All other parties having any right, title, or interest in the Cyprus Accounts are hereby held in default.

4. The United States is hereby authorized to dispose of the Cyprus Accounts in accordance with applicable law.

5. This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

_____
PATTI B. SARIS
United States District Judge

Dated: 4/12/24